IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LOPEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>EQUIFIRST CORPORATION, et al.,<br><br>            Defendants. | NO. 1:09-CV-1290-AWI-GSA<br><br>ORDER GRANTING DEFENDANT OCWEN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Document #6) |

# **HISTORY**[1]

On October 13, 2006, Plaintiff Juan Lopez ("Lopez") refinanced a mortgage loan on property located at 697 Dogwood Avenue, Tulare California ("Subject Property"), with Defendant Equifirst Corporation ("Equifirst") in the amount of $189,550.00.  Bradley Gilton ("Gilton") was the mortgage broker.  The loan was later assigned to Defendant Ocwen Loan Servicing, LLC ("Ocwen"), who obtained the rights to service Lopez's loan.  Lopez defaulted on the loan and the non-judicial foreclosure process was initiated.

On June 18, 2009, Lopez filed suit in the Superior Court of California, County of Tulare. Lopez alleges: (1) A (first) cause of action for violation of the Real Estate Settlement Procedures

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

Act ("RESPA") against Equifirst; (2) a (second) cause of action for violation of the Truth in Lending Act ("TILA") against Equifirst; (3) a (third) cause of action for unfair and deceptive business practices against Equifirst for violating Cal. Bus. & Prof. Code § 1700[2]; (4) a (fourth) cause of action for unfair and deceptive business practices against Gilton for violating Cal. Bus. & Prof. Code § 1700; (5) a (fifth) fraud cause of action against Gilton; (6) a (sixth) cause of action for breach of fiduciary duty against Gilton; and (7) a (seventh) cause of action for declaratory relief pursuant to Cal. Civ. Code § 2923.6[3] against Ocwen requesting a judicial determination that Lopez has a right to modify his existing loan with Ocwen.

The complaint seeks declaratory relief, injunctive relief, specific performance by Ocwen to modify Lopez's existing mortgage, and attorney's fees.

Ocwen removed the case to the Eastern District of California and now moves to have the case dismissed for failure to state a claim.[4]

Lopez has neither filed an opposition nor a notice of non-opposition.

On September 11, 2009, the court took the matter under submission without oral argument.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

---

[2] Lopez cites to Section 1700, which applies to dentistry actions. It appears that Lopez intended to reference Section 17200, which relates to "Unfair and Deceptive Practices."

[3] Lopez incorrectly entitles this cause of action as "Fourth Cause of Action."

[4] Defendant Equifirst filed a motion to dismiss on August 24, 2009, which is scheduled for oral argument on October 19, 2009. It is not apparent whether Gilton has been served with the Summons and Complaint.

Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  <u>Marceau v. Balckfeet Hous. Auth.</u>, 540 F.3d 916, 919 (9th Cir. 2008); <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  <u>Smith v. Pacific Prop. and Dev. Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004); <u>Peloza v. Capistrano Unified Sch. Dist.</u>, 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009); <u>see also</u> <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."  <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Iqbal</u>, 129 S.Ct. at 1949; <u>see</u> <u>Twombly</u>, 550 U.S. at 570; <u>see also</u> <u>Weber v. Department of Veterans Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Further, under the "incorporation by reference" doctrine, courts may review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000).  The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel, 393 F.3d at 1076 (citing Parrino v. FHP,

1  Inc., 146 F.3d 699, 706 (9th Cir. 1998)).[5]

2  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to
3  amend even if no request to amend the pleading was made, unless it determines that the pleading
4  could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122,
5  1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when
6  amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**DISCUSSION**

The basis of Lopez's suit is his contention that Defendants Equifirst and Gilton engaged in predatory lending, and that Gilton fraudulently induced Lopez into financing a high risk sub-prime adjustable rate mortgage. See Complaint ¶12.  Lopez also contends that he has a right to modify his loan with Defendant Ocwen. See Complaint ¶ 99.  The court reiterates, that out of the seven causes of action that Lopez alleges, only one cause of action is alleged against Ocwen.

Seventh Cause of Action for Declaratory Relief as To Ocwen

Lopez seeks declaratory relief pursuant to Cal. Civ. Code § 2923.6. See Complaint at p. 15.  Lopez seeks a determination that he has a right to modify his loan with Ocwen. See Complaint ¶100. Lopez alleges that Ocwen has a duty under its pooling and servicing agreements to act in the pool's best interest and maximize net present value. See Complaint ¶92.  Lopez alleges that "a loan modification would exceed the anticipated recovery through foreclosure on a net present value basis." See Complaint ¶97.

Ocwen moves to dismiss this claim on the basis that a duty does not exist between a lender and a borrower.  Ocwen also argues that Cal. Civ. Code §2923.6 does not provide a private

---

[5] Ocwen's request that the court take judicial notice of the Deed of Trust, Notice of Default, and Substitution of Trustee is granted. "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record." See Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Deed of Trust, Notice of Default, and Substitution of Trustee are matters of public record.  As such, this court may consider Lopez's pertinent foreclosure documents. Moreover, no objection by Lopez has been made.

5

right of action for borrowers.

Cal. Civ. Code Section 2923.6 provides in relevant part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under the pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Cal. Civ. Code §2923.6 does not impose a duty on lenders to negotiate loan modifications. See Farner v. Countrywide Home Loans, 2009 WL 189025, *2 (S.D. Cal. Jan. 26, 2009) ("Nothing in Cal. Civ. Code §2923.6 imposes a duty on servicers of loans to modify the terms of loans..."); see also Anaya v. Advisors Lending Group, 2009 WL 2424037, *8 (E.D. Cal. Aug. 5, 2009); Pantoja v. Countrywide Home Loans, Inc., 2009 WL 2423707 (N.D. Cal. Jul. 18, 2009). Further, §2923.6 does not create a private right of action for borrowers. "A statute creates a private right of action only if the enacting body so intended." Grodensky v. Artichoke Joe's Casino, 171 Cal. App.4th 1399, 1420 (2009). The language of Section 2923.6 does not suggest that there is a private right of action for borrowers. See Farner, 2009 WL 189025 at *2; Anaya, 2009 WL 2424037 at *8. Since Ocwen does not owe Lopez a statutory duty under Section 2923.6, Lopez has no cause of action and is not entitled to declaratory relief.

Accordingly, the court finds that Ocwen is entitled to a dismissal of Lopez's declaratory

6

relief claim with prejudice.[6]  See Anaya, 2009 WL 2424037 at *11.

## **ORDER**

For the reasons stated above, this court GRANTS Ocwen's motion to dismiss Plaintiff's complaint against Ocwen and dismisses this action against Ocwen in its entirety with prejudice because amendment to the complaint will not cure the deficiencies.

IT IS SO ORDERED.

**Dated:   September 30, 2009**              /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Lopez also seeks injunctive relief "preventing Defendants from initiating any foreclosure process and sell [sic] of the Subject Property." See Complaint at p. 17. However, "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief is granted." Shell Oil Co. v. Richter, 52 Cal. App.2d 164, 168 (1942). As discussed above, Cal. Civ. Code § 2923.6 does not impose a duty on servicers of loans to modify the terms of a loan. See Farner, 2009 WL 189025, at *2. Here, Lopez stopped making payments on his loan and Ocwen was not required to modify Lopez's loan. Therefore, Lopez fails to allege a valid cause of action as to Ocwen. Accordingly, Lopez is not entitled to injunctive relief.